**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Manuel Dominguez,<br><br>    Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-07-0717-PHX-PGR (JM)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Marshall in light of the petitioner's Objections to Report and Recommendation (doc. #22), filed August 3, 2009, the Court finds that the petitioner's objections are meritless and that the Magistrate Judge correctly concluded that the petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be dismissed with prejudice because the petitioner failed to properly exhaust his state court remedies as to any of the claims raised in his petition.

The petitioner's first habeas claim alleges that his trial counsel was ineffective because he failed to move for a mistrial based on the state's closing argument, failed to suppress evidence, and failed to object to Detective Mendez's testimony. The Magistrate Judge correctly concluded that the petitioner,

notwithstanding that he raised these issues before the Arizona Court of Appeals during his direct appeal, failed to raise any of these ineffective assistance of counsel claims before the state court in the procedural manner required by Arizona law, *i.e.* in his Rule 32 motion for post-conviction relief as the Arizona Court of Appeals directed him to do in its order resolving his direct appeal.

The petitioner's second habeas claim involves an ineffective assistance of counsel claim based on his trial counsel's failure to object to a purported violation of the petitioner's speedy trial rights. The Magistrate Judge correctly concluded that while the petitioner raised this issue in his post-conviction relief proceedings, he failed to fairly present it as a federal issue inasmuch as he made no mention of the Sixth Amendment and did not cite to any law sufficiently related to the U.S. Constitution's right to a speedy trial that would have alerted the state court to the presence of a federal issue.

The Magistrate Judge also correctly concluded that the petitioner has failed to demonstrate any cause for his procedurally defaulted claims or any actual prejudice arising from his error, and has failed to establish that a fundamental miscarriage of justice, in the legally required sense, would result from the Court not reaching the merits of his habeas petition. Therefore,

IT IS ORDERED that the petitioner's Motion for Disposition After Reassignment of Magistrate Judge Jacqueline J. Marshall (doc. #20) is granted.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (doc. #21) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk of the Court shall enter

judgment accordingly.

DATED this 18th day of August, 2009.

Paul G. Rosenblatt
United States District Judge